**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                          :
MARLIN W. RUSSELL,                        :
                                          :   Civil Action No. 04-4787 (RBK)
             Petitioner,                  :
                                          :
      v.                                  :         O P I N I O N
                                          :
JONATHAN C. MINER and                     :
UNITED STATES PAROLE                      :
COMMISSION, et al.,                       :
                                          :
             Respondents.                 :
                                          :
```

**APPEARANCES:**

    Marlin W. Russell
    #06563-007
    F.C.I. Fairton
    P.O. Box 420
    Fairton, NJ 08320
        Petitioner pro se

    Dorothy J. Donnelly, Esquire
    Office of the U.S. Attorney
    402 East State Street
    Room 430
    Trenton, NJ  08608
        Counsel for Respondents

**KUGLER,** District Judge

Petitioner Marlin W. Russell, currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Respondents are the United States Parole Commission and Jonathan C. Miner, Warden of F.C.I. Fairton.

## BACKGROUND

Petitioner was sentenced to 30 years incarceration by the District of Columbia Superior Court, and was sentenced under the Federal Youth Corrections Act. On February 11, 2000, he was paroled from his sentence. He was to remain under supervision until October, 2015.

In 2001, the Parole Commission ("the Commission") learned that Petitioner had been arrested on weapons charges, and that he had submitted urine specimens which tested positive for marijuana. On June 18, 2001, the Commission issued a warrant charging Petitioner with violating parole for using illegal drugs, and for an incident involving assault with a deadly weapon.

The assault charge stemmed from an incident on May 22, 2001, when Petitioner was arrested after a fight. An officer observed Petitioner with a knife, struggling with the victim. The officer ordered Petitioner to drop the knife, which he did, but the victim told police that Petitioner stabbed him while they were fighting. The victim was brought to the hospital for treatment for a laceration on his stomach. Petitioner denied committing the assault, and said that he was trying to stop a fight between the victim and another man. He said he did not possess a knife during the incident. Petitioner stated that the police

misinterpreted the incident, and that he was trying to help the victim.

The parole warrant was executed in July, 2002, and a revocation hearing was held on October 24, 2002.  Petitioner appeared with counsel.  Petitioner admitted guilt as to the drug charges, and the Commission decided to revoke parole based on those two administrative charges.  They ordered that the hearing be continued to subpoena the police officer and victim with regard to the assault with a deadly weapons charge.

Approximately a month later, on November 27, 2002, a hearing examiner conducted the continued hearing.  Petitioner was represented by counsel.  The examiner considered the testimony of Petitioner, as well as the testimony of the police officer who responded to the scene of the fight.  Although the examiner found that the victim, who was incarcerated at the time of the hearing, was unavailable with good cause, he did consider a letter that Petitioner submitted from the victim.  The letter stated that Petitioner was trying to calm him down, and supported Petitioner's arguments.  The victim stated that Petitioner was wrongly arrested and that the criminal charges against him were eventually dropped.  (See Exhibit 9 to Respondents' Answer).

The examiner found the testimony of the police officer more credible than that of Petitioner.  Based upon a preponderance of the evidence, the examiner found that Petitioner committed the

assault as charged. Noting that Petitioner's parole had already been revoked due to Petitioner's admission of the administrative drug charges, the examiner assessed a salient factor of 2, and rated his parole violation behavior as Category Five severity. A rehearing was scheduled for April 2003. As the November hearing was a continued hearing, this date for a rehearing was assessed by counting six months from the original October 2002 hearing. The Commission entered its Notice of Action on December 10, 2002.

Petitioner now claims that the Commission's decision and his rating as a Category Five violator was based upon an inaccurate factual predicate, as the information used by the Commission was not corroborated or supported by the alleged victim in the case. He states that the decision was arbitrary and an abuse of discretion. Petitioner also claims that the Commission provided inaccurate reasons to deny parole, and failed to state with particularity the reasons for denying parole, "when after being presented at the interim hearing with significant new information that called into question the credibility of the testimony of the police officer."

## DISCUSSION

**A.  Standard of Review**

United States Code Title 28, Section 2241 provides in relevant part as follows:

> (a) Writs of habeas corpus may be granted by the
> Supreme Court, any justice thereof, the district courts

  and any circuit judge within their respective
jurisdictions.
***
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.** **The Petition Will Be Denied.**

  A federal court's review of a Commission decision is limited.  See Furnari v. Warden, 218 F.3d 250, 254 (3d Cir. 2000).  "The appropriate standard of review of the Commission's findings of fact 'is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons.'"  Id. (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976)).  In addition, the review should consider whether the Commission "'has followed

criteria appropriate, rational and consistent' with its enabling statutes so that its 'decision is not arbitrary and capricious, nor based on impermissible considerations.'" Id. (quoting Zannino, 531 F.2d at 690).

Further, credibility determinations by the Commission are not reviewable through habeas petitions. See Pacelli v. Hurley, 1997 WL 416395 at *4 (D.N.J. June 16, 1997)(unpubl.)(citing Billiteri v. United States Board of Parole, 541 F.2d 938, 944 (3d Cir. 1976))(other citations omitted).

In Petitioner's case, the hearing examiner considered all testimony, including the letter submitted by the victim, and made a credibility determination. The examiner clearly set forth findings of fact in the Revocation Hearing Summary. The officer's testimony that she saw Petitioner and the victim struggling, and that her investigation afterward did not support Petitioner's version of the facts, created a rational basis for the Commission's findings. Thus, this Court may not disturb the findings of the Commission.

Petitioner also claims that the Commission did not fully explain the reasons for its decision. Petitioner cites to Funari v. Warden, 218 F.3d 250, 255 (3d Cir. 2000) in support of his argument. Funari, however, dealt with evidence submitted at an interim hearing. An interim hearing is conducted to consider "significant developments or changes in the prisoner's status

6

that may have occurred subsequent to the initial hearing." See Funari, 218 F.3d at 255 (quoting 28 C.F.R. § 2.14(a)).  In Funari, the Commission's findings did not mention new information presented at the petitioner's interim hearing.  Therefore, the Court concluded, it was impossible to tell whether or not the Commission considered the new evidence, or whether it considered it but found it incredible.  The Court concluded that the Commission must state *reasons* for a denial of parole, not just conclusions.  See id. at 256.

Petitioner's case is factually different from Mr. Funari's case.  First, the hearing at issue in Petitioner's case was a continuation of a previous hearing, not an interim hearing held because of a change in Petitioner's status.  Second, the evidence presented by Petitioner of the victim's statement exonerating him was considered by the examiner, even though the victim's oral testimony could not be ascertained "live" at the hearing.  Third, Petitioner and the victim's version of events countered the version testified to by the police officer.  The examiner made a credibility determination based upon all the evidence presented to believe the officer's version, and clearly stated so in the Revocation Hearing Summary.  The Commission accepted the examiner's report, based upon the testimony of the police officer.

Petitioner argues in his Traverse that there was no rational basis for the Commission's findings, because he was not able to cross-examine the victim. Citing Morrissey v. Brewer, 408 U.S. 471, 489 (1972), Petitioner further argues that the Commission violated his constitutional rights by not allowing him to cross-examine the victim. However, Morrissey notes that Petitioner should be permitted to confront and cross-examine adverse witnesses, "*unless the hearing officer specifically finds good cause for not allowing confrontation.*" Morrissey, 408 U.S. at 489 (emphasis added). In this case, the examiner found good cause for not allowing confrontation; the victim was incarcerated out of state. This Court will not disturb this finding of good cause by the examiner. Further, as Petitioner points out, the victim, although considered an adverse witness, actually would have provided testimony to support Petitioner. It is highly probable that the victim would have testified to the same facts as he wrote in the letter which was presented to the examiner and considered. Thus, it is unclear as to what Petitioner would have gained by "cross-examining" the victim, a convicted criminal himself, in person.

Therefore, because there was a rational basis for the Commission's revocation of parole, and because this Court cannot review credibility determinations of the Commission, the instant Petition for a Writ of Habeas Corpus will be denied. Petitioner

has not demonstrated that he is in custody in violation of the laws or Constitution of the United States.

## CONCLUSION

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: August 5, 2005